JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

  150 Almaden Boulevard, Suite 900
  San Jose, California 95113
  Telephone: (408) 535-5061
  Facsimile: (408) 535-5081
  E-Mail: joseph.fazioli@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00603 JW |
|     Plaintiff, ) | |
| v. ) | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO RESET SENTENCING DATE |
| KENNETH VAN AALSBURG, ) | |
|     Defendant. ) | |

On April 28, 2008, the defendant pled guilty to possessing child pornography. At the request of defense counsel Thomas Nolan, the Court: (1) allowed the defendant to remain out of custody pending sentencing; and (2) set the defendant's sentencing four months out to the current date of September 8, 2008. The defendant now files a motion requesting that his sentencing be delayed until October 13, 2008 at the earliest. The defendant's moving papers also contain troubling indications that the defense will seek further delays of sentencing past the proposed October 13, 2008 date. The defendant's moving papers note that defense counsel "cannot anticipate what may or may not interfere with the sentencing or Mr. Van Aalsburg on the October 13, 2008 date requested." Nolan

Declaration at ¶11. Furthermore, defendant's motion requests an evidentiary hearing related to various defense objections to his presentence report, yet professes "a lack of understanding" as to the appropriate procedures for such a hearing and does not propose that the procedures be clarified before the Court prior to October 13th – thereby raising the prospect of additional delays. Nolan Declaration at ¶9.

For the reasons stated below, the government opposes the defendant's motion to continue his sentencing. To the extent that the Court is considering granting the defendant's request to continue, this government respectfully requests that this matter should be heard on the Court's calendar on September 8, 2008 (or sooner if practicable).[1] The government respectfully requests that at such an appearance, the parties and Court would discuss: (1) the defendant's motion to continue sentencing; (2) what procedures would govern a potential evidentiary hearing at sentencing.

## BACKGROUND

On April 28, 2008, the defendant entered an open plea of guilty to possessing child pornography and also admitted to a related criminal forfeiture count. See Govt. Ex. 1- Transcript of 4/28/08 Change of Plea Hearing. At the defendant's change of plea hearing, the government moved for the defendant's immediate remand on the grounds that there were not extraordinary reasons why the defendant's remand into custody would be inappropriate under the Bail Reform Act. Govt. Ex. 1 at 1-5, 11-12, 19-23. The government highlighted three factors specific to this case which supported defendant Van Aalsburg's immediate remand: (1) the disturbing nature of the child pornography the defendant possessed (which including depictions of the rape of infant children as well as sadistic and mascochistic images of known victim children being forced to wear a dog collar); (2) recent suicides by child pornography defendants in this district; and (3) the

---

[1] Contrary to the requirements of the local rules, the defense's motion to continue sentencing did not calender a date on which it was to be heard before the Court.

-2-

defendant's disturbing (and ultimately unsuccessful) request to the magistrate court at the setting of his conditions of release that he be allowed to have unsupervised contacts with a fourteen year old female client at the defendant's pilates studio. This Court denied the government's motion to remand. Govt. Ex. 1 at 1-5, 11-12, 19-28.

During the April 28, 2008 change of plea hearing, defense counsel Nolan requested that the sentencing in this matter be set for September 2008–nearly four months after the defendant's change of plea. Govt. Ex. 1 at 17. This Court agreed to Mr. Nolan's request, and set this matter for sentencing on September 8, 2008 over the government's objections. Govt. Ex. 1 at 17, 28. The probation office has subsequently prepared a final presentence report in this matter in which it has recommended that the defendant receive a sentence of 120 months imprisonment.

The defendant now requests additional delays in his sentencing. On August 25, 2008, the defendant filed a motion to continue his sentencing. Notwithstanding the fact that the sentencing date is this matter was set nearly four months ago, defense counsel states that he is now unavailable until at least October 13, 2008 due to a trial in Monterey County, California. Nolan Declaration at ¶1-3. The defense motion also indicates that an evidentiary hearing is necessary, and attaches as an exhibit a defense letter to the probation officer presenting dozens of challenges to the presentence report. See Nolan Declaration Ex. A. In that letter, the defendant now disputes virtually every aspect of his offense conduct. The defendant takes this position notwithstanding the fact that he represented to this Court under oath at his change of plea that he possessed child pornography and that there was a factual basis for several of the sentencing enhancements he now contests. See Govt Ex. 1 at 13, 15=17. As a result of the defendant's abrupt shift in position, the probation office's final presentence report has concluded that the defendant is not entitled to receive any credit for acceptance of responsibility under the sentencing guidelines.

//

**DISCUSSION**

As long as the defendant remains out of custody, the government objects to the defendant's request to continue the sentencing in this matter.[2] The government still believes that the defendant, having pled guilty to possessing child pornography, should have been remanded into custody under the mandatory remand provisions since there are no "extraordinary reasons" why his remand would be inappropriate. The defendant possessed thousands of appalling images of child pornography (including depictions of infant rape), and the record indicates that he distributed child pornography as well. The defendant unsuccessfully petitioned the magistrate court to have unsupervised contacts with a 14-year old child, which raises concerns that he may pose a danger to the community. Defendant has now had longer than the typical period of time before sentencing to put his affairs into order. To the extent that there ever were "extraordinary reasons" why the defendant should not be remanded, a newfound scheduling conflict on the part of one of the attorneys at the law firm of Nolan, Armstrong, and Barton is not one of them. This matter should be resolved expeditiously, and if the defense requests that sentencing be delayed for reasons that are irrelevant under the Bail Reform Act then the defendant should remanded into custody in the meantime.

Furthermore, the September 8th sentencing date was set at the defense's request over four months ago. The fact that defense counsel Nolan may have created a scheduling conflict after this Court set a sentencing date in this matter at his request does

---

[2] Undersigned government counsel communicated to defense counsel Nolan that the government would consider his request for a continuance of the sentencing if the defense would: (1) provide the specific length of the proposed continuance; (2) stipulate that there would be no further continuances; and (3) confer with the government regarding potential procedures for the evidentiary hearing the defense was requesting. The government received no response from the defense as to these points until it received its Motion to Continue at the close of business yesterday.

-4-

not justify a continuance of Van Aalsburg's sentencing. The defendant presents no reason why any of the other six lawyers listed on the website of the Nolan, Armstrong, and Barton firm could not represent him at sentencing. In fact, Mr. Michael Armstrong has already represented the defendant at his initial appearance before the Magistrate Court (when defendant sought to have unsupervised contacts with a minor) and Mr. Daniel Barton was present in the Courtroom both for the defendant's 4/28/08 change of plea and also represented the defendant at prior status conferences in the case.

## CONCLUSION

For the reasons stated below, the government opposes the defendant's motion to continue his sentencing. If the Court is inclined to grant the defendant's motion, the government respectfully requests that this matter should be set on the Court's calendar on September 8, 2008 (or sooner if practicable). At that appearance, the government respectfully requests that counsel for the government and an attorney from Nolan, Armstrong, and Barton be ordered to be prepared to discuss: (1) the defendant's motion to continue sentencing; and (2) what procedures would govern a potential evidentiary hearing at sentencing.

Dated: August 26, 2008                    Respectfully submitted,

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney


                                          _____/s/_____
                                          JOSEPH FAZIOLI
                                          Assistant United States Attorney