JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5081
   E-Mail: joseph.fazioli@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> KENNETH VAN AALSBURG, <br>     Defendant. | No. CR 07-00603 JW <br><br> UNITED STATES' SENTENCING MEMORANDUM AND MOTION TO REMAND DEFENDANT UPON SENTENCING <br><br> SENTENCING DATE: <br> September 8, 2008 |

      The United States of America hereby submits its sentencing memorandum in the above-captioned case. On April 28, 2008, the defendant entered an open plea of guilty to an information charging him with a single count of Possession of Matters Containing Any Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The Probation Department's calculation of the Guidelines results in an base offense level of 38 and criminal history category I. The Probation Department has determined that the defendant should not receive any credit for acceptance of responsibility due to his "denial of possessing any child pornography." PSR Addendum at 1. The guidelines sentencing range for imprisonment is 235 to 293

months. The Probation Department recommends that the Court impose a prison term of the statutory maximum of 120 months along with a $10,000 fine and other enumerated conditions, including a 60 month term of supervised release. The United States has reviewed the final pre-sentence report (PSR) and has no objection to the factual information contained therein. The United States respectfully recommends that this Court impose a 120 month sentence along with the other enumerated conditions recommended by the Probation Department. The defendant's appalling history includes: (1) distributing as well as possessing child pornography; and (2) possessing thousands of images of child pornography, including depictions of the rape of infant children as well as sadistic and masochistic images of known victim children being forced to wear a dog collar. He should receive a custodial sentence of 120 months that would advance the interests put forward in 18 U.S.C. § 3553.

## DISCUSSION

A.  **A 120 Month Sentence of Imprisonment for the Defendant is Reasonable and Appropriate**

Defendant's criminal conduct merits a 120 month sentence. Specifically, defendant both possessed and distributed child pornography. At his change of plea, the defendant admitted to the government's proffer that defendant had, among other things: (1) knowingly possessed child pornography, including images of prepubescent minors and images portraying sadistic or masochistic conduct; and (2) used certain computers to commit or promote the commission of his offense. See Ex. 1 to Govt. Sentencing Memorandum, Defendant's Change of Plea Transcript at 12-16. Defendant has admitted to the Probation Department and law enforcement agents (and law enforcement has independently confirmed) that he had previously distributed as well as possessed child pornography. PSR ¶ 9, 15, PSR Recommendation at 2. Defendant has made several disturbing statements to the Probation Department, including that the "idea of an adolescent being curious about sex is appealing." PSR Recommendation at 2.

Sentencing the defendant to 120 months would comply with the purposes set forth

1  in 18 U.S.C. § 3553(a)(2), as required by 18 U.S.C. § 3553(a).  First, this sentence would
2  reflect the seriousness of the defendant's offense, possessing child pornography, and
3  provide adequate punishment for this offense.  18 U.S.C. § 3553(a)(2)(A).  Defendant
4  possessed over seven thousand images and ten videos of child pornography, including
5  images depicting "an infant sitting in a baby seat with an unidentifiable adult male
6  inserting his penis into the infant's mouth" and a known victim image of "a naked
7  prepubescent female...wearing only a dog collar around her neck and lying on her back in
8  the middle of the bed.  The naked prepubescent female is using her arms to cover her eyes
9  and appear to be screaming in pain as a naked adult male engages in sexual intercourse
10 with her."  PSR Recommendation at 2.
11         Nor was this a victimless crime.  The defendant possessed numerous images of
12 child pornography which contained known victim images.  The families of the known
13 victims have provided victim impact statements which correctly state that "[e]veryone
14 who participates in this evil exchange, regardless of whether they directly abused children
15 themselves, reveled in the images of suffering, or persuaded others to abuse children on
16 their behalf (to provide images of the abuse) has a responsibility for the effects."  PSR ¶
17 18. Another statement from a victim's family member notes that "anyone who says they
18 understand how you feel, and has never had a child close to them sexually assaulted, can't
19 even imagine until it happens to you, you have no idea."  PSR ¶ 19.
20         Second, a 120 month sentence would serve the goal of increasing the defendant's
21 level of punishment over the duration of his criminal career, consequently affording
22 adequate deterrence of further criminal conduct.  Defendant's interest in child
23 pornography was not a one-time event, but rather a pattern of aberrant behavior lasting
24 nearly a three year period.  Between 2002 to June 2004, defendant was sending, receiving
25 and downloading child pornography over the internet.  PSR ¶ 5.  The defendant has
26 admitted both to the probation department <u>and</u> law enforcement agents that he "sent and
27 received child pornography for approximately 2 1/2 to 3 years."  See PSR ¶ 15, 14.
28         Furthermore, a 120 month sentence would serve to protect the public from further

3

criminal conduct by the defendant. 18 U.S.C. § 3553(a)(2)(C). The defendant's history raises concerns that he may be a sexual predator who poses a potential danger to the community. As detailed above, the defendant has admitted to finding the "idea of an adolescent being curious about sex...appealing." PSR Recommendation at 2. When the defendant made his initial appearance before the magistrate court, he also made an unsuccessful request to be allowed to have unsupervised contacts with a fourteen year old female client at the pilates studio he owns. Given the aforementioned factors, a 120 month term of imprisonment is a reasonable and appropriate sanction for the defendant's conduct.

**B.    The Defendant Should Be Remanded Into Custody After Sentencing**

The United States also recommends that the defendant be remanded into custody post-sentencing. The defendant has been convicted of possessing child pornography. The Bail Reform Act requires that a defendant convicted of a child pornography offense who is sentenced to prison be detained after sentencing. 18 U.S.C. § 3143(b)(2) states in relevant part that "the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is sentenced to a term of imprisonment...be detained..." In pleading guilty to a child pornography offense, defendant Van Aalsburg will have been found guilty of a "crime of violence" for purposes of 18 U.S.C. § 3142(f)(1)(A) and faces a sentence of imprisonment. Defendant Van Aalsburg is therefore subject to mandatory detention under 18 U.S.C. § 3143(b)(2). Crimes of violence are defined in the criminal code at 18 U.S.C. § 3156(a)(4). Specifically, Section 3156(a)(4)(C) states that any felony described in Chapter 110 (the chapter including child pornography offenses) is a crime of violence. The statute which defendant Van Aalsburg will be convicted of violating, Section 2252(a)(4)(B), is found within Chapter 110 and therefore justifies his remand into custody. See United States v. Mellies, 496 F. Supp.2d 930, 932-33 (M.D. Tenn. 2007)(district court ordering detained defendant convicted of possession of child pornography); United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004)(per curiam)

4

(reversing the district court's ruling that defendant could self-surrender and holding that 3143(a)(2) requires a defendant convicted of receiving child pornography under Section 2252(a)(2) be taken into immediate custody), <u>United States v. Fraser</u>, 152 F.Supp.2d 800, 805 (E.D.PA 2001) (holding that Section 3143(b)(2), which pertains to the detention of a defendant pending appeal, applies to a defendant convicted of distributing and possessing child pornography under Section 2252).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to 120 months imprisonment, impose the other terms and conditions enumerated by the Probation Department, and remand the defendant into custody post-sentencing.

DATED: September 5, 2008             Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
JOSEPH A. FAZIOLI
Assistant U.S. Attorney