1            UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                 SAN JOSE DIVISION

4


5

    UNITED STATES OF AMERICA,    )  CR-07-00603-JW
6                                )
                   PLAINTIFF,    )  SAN JOSE, CALIFORNIA
7                                )
           VS.                   )  APRIL 28, 2008
8                                )
    KENNETH VAN AALSBURG,        )  PAGES 1-29
9                                )
                  DEFENDANT.     )
10   ——— ——— ——— ——— ———         )

11

12              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JAMES WARE
13            UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:   UNITED STATES ATTORNEY'S OFFICE
    UNITED STATES        BY:  JOSEPH FAZIOLI
17                       150 ALMADEN BLVD. STE 900
                         SAN JOSE, CA  95113
18

19
    FOR THE DEFENDANT:   NOLAN, ARMSTRONG, BARTON LLP
20   KENNETH VAN AALSBURG BY:  THOMAS NOLAN, JR.
                         600 UNIVERSITY AVENUE
21                       PALO ALTO, CA  94301

22

23

24
    OFFICIAL COURT REPORTER: SUMMER CLANTON, CSR
25                         CERTIFICATE NUMBER 13185


                                                    1

1    SAN JOSE, CALIFORNIA          APRIL 28, 2008

2                  P R O C E E D I N G S

3              (WHEREUPON, COURT CONVENED AND THE

4    FOLLOWING PROCEEDINGS WERE HELD:)

5              THE CLERK:   CASE NUMBER 07-0603.

6              UNITED STATES V. KENNETH AALSBURG.

7              MR. FAZIOLI:   GOOD MORNING, AGAIN,

8    YOUR HONOR.   JOSEPH FAZIOLI ON BEHALF OF THE

9    UNITED STATES.

10             MR. NOLAN, JR.:   GOOD AFTERNOON,

11   YOUR HONOR.   TOM NOLAN WITH MR. VAN AALSBURG WHO IS

12   PRESENT.

13             YOUR HONOR, IN REGARDS TO THIS MATTER,

14   WHILE THERE IS STILL SOME MORE WORK TO BE DONE IN

15   DETERMINING THE GUIDELINE RANGES, WE ARE PREPARED

16   TO PLEAD OPEN TO THE CHARGES.

17             THE COURT:   VERY WELL.

18             SWEAR MR. VAN AALSBURG.

19             THE CLERK:   PLEASE RAISE YOUR RIGHT HAND.

20             (WHEREUPON THE DEFENDANT WAS SWORN.)

21             THE DEFENDANT:   YES.

22             MR. FAZIOLI:   I WOULD JUST, FOR THE

23   RECORD, INFORM THE COURT THAT, AS MY COLLEAGUE DID,

24   I WILL BE MOVING TO REMAND THE DEFENDANT INTO

25   CUSTODY AFTER HIS ENTRY OF THE PLEA.

1          THE FIRST I HEARD THE DEFENDANT WAS GOING

2    TO PLEAD OPEN WAS TODAY, OTHERWISE I WOULD HAVE

3    SUBMITTED THE LETTER BRIEF TO THE COURT.  BUT I'LL

4    SUMMARIZE THE LAW AND SOME UNIQUE FACTS TO THIS

5    CASE AFTER THE DEFENDANT ENTERS HIS CHANGE OF PLEA,

6    IN TERMS OF THE REMAND ISSUE.

7          THE COURT:  VERY WELL.

8          BUT I'LL TAKE FROM THAT THAT SINCE YOU

9    WEREN'T THINKING TO HAVE HIM PUT IN CUSTODY,

10   THERE'S NOTHING YOU KNOW ABOUT HIM, OTHER THAN THE

11   FACT THAT HE'S CHANGED HIS PLEA, THAT WOULD CAUSE

12   YOU TO ASK TO REMAND HIM TO CUSTODY; YOU WEREN'T

13   OTHERWISE SEEKING TO HAVE THE COURT PROVOKE HIS

14   CONDITIONS OF RELEASE?

15         MR. FAZIOLI:  I WAS NOT COMING HERE TODAY

16   TO REVOKE HIS CONDITIONS OF RELEASE.

17         JUST AS A HIGHLIGHT, THE GOVERNMENT WILL

18   SUBMIT THAT THE STANDARD CHANGES BASED ON THE FACT

19   THAT THE DEFENDANT HAS PLEAD GUILTY, AND THERE HAVE

20   BEEN ONE OR TWO EVENTS NOT NECESSARILY RELATED TO

21   THIS PARTICULAR DEFENDANT BUT GENERALLY REGARDING

22   DEFENDANTS IN CHILD PORNOGRAPHY CASES ON RELEASE

23   SINCE THE TERMS OF RELEASE WERE SET IN THIS CASE

24   THAT DOES GIVE THE GOVERNMENT ADDITIONAL CAUSE FOR

25   CONCERN.  BUT THE ANSWER IS NO, WE ARE NOT MOVING

1    TO PUT HIM INTO CUSTODY AT THIS HEARING.

2              THE COURT:  THIS DEFENDANT, OR DEFENDANTS

3    IN GENERAL?  I DIDN'T UNDERSTAND WHAT YOU SAID.

4    YOU SAID "DEFENDANTS IN CHILD PORNOGRAPHY CASES," I

5    WAS JUST TRYING TO CLARIFY YOU HAVE INFORMATION YOU

6    WANT TO BRING TO MY ATTENTION.

7              MR. FAZIOLI:  THE INFORMATION, I THINK,

8    IS -- THERE IS SOME INFORMATION ABOUT VAN AALSBURG.

9    IT'S NOT NEW INFORMATION FROM THE POINT THAT HE WAS

10   RELEASED FROM CUSTODY.

11             THERE HAVE BEEN SOME UNFORTUNATE

12   INCIDENTS WITH OTHER DEFENDANTS IN CHILD

13   PORNOGRAPHY CASES POSING A DANGER TO THEMSELVES

14   THAT HAS COME UP SINCE MR. VAN AALSBURG WAS

15   RELEASED FROM CUSTODY.

16             THAT'S ONE OF THE REASONS WHY THE

17   GOVERNMENT IS GOING TO PROFFER THAT THERE MAY NOT

18   BE CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT

19   IS NOT A DANGER TO HIMSELF OR OTHERS.

20             THAT DOESN'T MEAN WE HAVE SPECIFIC

21   INFORMATION ABOUT VAN AALSBURG THAT HAS COME UP

22   SINCE HE WAS RELEASED FROM CUSTODY, BUT THERE HAVE

23   BEEN EVENTS WITH OTHER CHILD PORNOGRAPHY DEFENDANTS

24   FACING SIMILAR SITUATIONS THAT WE THINK OR WE WILL

25   PROFFER ARE RELEVANT TO DETERMINATION AS TO THIS

4

1    PARTICULAR CASE WHERE THIS DEFENDANT, WHO WILL BE

2    FACING A SIMILAR SITUATION, MIGHT BE IN A SITUATION

3    THAT HIS DETENTION MIGHT BE IN HIS INTEREST AND THE

4    PUBLIC'S INTEREST AS WELL.

5               THE COURT:  VERY WELL.

6               WITH THAT EXPLANATION, MR. VAN AALSBURG

7    I'VE HAD YOU SWORN BY THE CLERK OF COURT BECAUSE

8    YOUR ATTORNEY HAS INDICATED YOU INTEND TO CHANGE

9    YOUR PLEA; THAT'S A VERY SIGNIFICANT STEP.

10              THERE ARE CERTAIN RIGHTS THAT YOU WILL BE

11   GIVING UP IF YOU DO CHANGE YOUR PLEA.  THE REASON

12   I'VE HAD YOU SWORN IS I WANT TO ASK YOU QUESTIONS

13   TO SATISFY MYSELF THAT YOU UNDERSTAND THOSE RIGHTS,

14   AND SO YOU MUST ANSWER MY QUESTIONS TRUTHFULLY.

15              IF YOU DON'T ANSWER MY QUESTIONS

16   TRUTHFULLY, YOU COULD BE PROSECUTED FOR PERJURY OR

17   FOR MAKING A FALSE STATEMENT.

18              DO YOU UNDERSTAND THAT?

19              THE DEFENDANT:  YES.

20              THE COURT:  VERY WELL.

21              IN THIS CASE, YOU ARE CHARGED WITH

22   POSSESSION OF MATTER CONTAINING ANY VISUAL

23   DEPICTION OF A MINOR ENGAGED IN SEXUALLY EXPLICIT

24   CONDUCT IN VIOLATION OF TITLE 18, UNITED STATES

25   CODE SECTION 2252, SUBPARAGRAPH A(4)(B).  AND YOU

1    ARE ALSO CHARGED IN COUNT TWO OF THE INFORMATION

2    WITH CRIMINAL FORFEITURE.

3              BEFORE YOU CAME HERE TODAY WITH THE

4    INTENT OF CHANGING YOUR PLEA, DID YOU HAVE A CHANCE

5    TO DISCUSS THIS FULLY WITH YOUR ATTORNEY?

6              THE DEFENDANT:  YES, I DID.

7              THE COURT:  ARE YOU SATISFIED WITH THE

8    SERVICES OF YOUR ATTORNEY?

9              THE DEFENDANT:  YES, I AM.

10              THE COURT:  HAVE YOU TAKEN ANY MEDICATION

11    WITHIN THE PAST 48 HOURS THAT WOULD AFFECT YOUR

12    UNDERSTANDING OF WHAT'S GOING ON HERE THIS

13    AFTERNOON?

14              THE DEFENDANT:  NO, I DID NOT.

15              THE COURT:  YOU UNDERSTAND THAT IF I

16    SENTENCE YOU TO PRISON, AS A RESULT OF THIS

17    CONVICTION, YOU WILL NOT BE RELEASED ON PAROLE?

18              PAROLE HAS BEEN ABOLISHED FOR FELONY

19    CONVICTIONS IN THE FEDERAL SYSTEM, AND IF I

20    SENTENCE YOU TO A TERM OF SUPERVISED RELEASE AND

21    YOU VIOLATE THE CONDITIONS OF SUPERVISION, YOU

22    COULD BE SENTENCED TO ADDITIONAL TIME IN PRISON FOR

23    THAT VIOLATION.

24              DO YOU UNDERSTAND ALL THAT?

25              THE DEFENDANT:  YES, I DO.

1             THE COURT:   THE OFFENSE FOR WHICH YOU ARE

2    PLEADING GUILTY IS A FELONY AND THE JUDGMENT COULD

3    DEPRIVE YOU OF VALUABLE CIVIL RIGHTS SUCH AS THE

4    RIGHT TO VOTE, TO HOLD PUBLIC OFFICE, TO SERVE ON A

5    JURY, POSSESS ANY KIND OF FIREARM, AND YOU COULD BE

6    SUBJECT TO HAVING TO REGISTER AS A SEX OFFENDER

7    UNDER VARIOUS LAWS IF YOU PLEAD GUILTY.

8             DO YOU UNDERSTAND THAT?

9             THE DEFENDANT:   YES, I DO.

10             THE COURT:   YOU HAVE THE RIGHT TO PLEAD

11    NOT GUILTY TO ANY OFFENSE, AND IF YOU PLEAD GUILTY

12    YOU ARE GIVING UP THAT RIGHT.

13             YOU HAVE THE RIGHT TO TRIAL BY JURY WHERE

14    YOU WOULD BE PRESUMED TO BE INNOCENT AND THE

15    GOVERNMENT WOULD HAVE TO PROVE YOUR GUILT BEYOND A

16    REASONABLE DOUBT.

17             IN DOING THAT, THEY WOULD HAVE TO PROVE

18    THAT ON OR ABOUT MARCH 8TH, IN THE NORTHERN

19    DISTRICT OF CALIFORNIA, YOU DID KNOWINGLY AND

20    INTENTIONALLY POSSESS CERTAIN MATTER, TO WIT,

21    IMAGES WHICH VISUAL DEPICTIONS HAD BEEN MAILED AND

22    TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE BY

23    ANY MEANS, INCLUDING BY COMPUTER, AND THE PRODUCING

24    OF WHICH VISUAL DEPICTIONS:   1.   INVOLVED THE USE

25    OF ONE OR MORE MINORS ENGAGED IN SEXUALLY EXPLICIT

1  CONDUCT.  2.  WERE OF SUCH VIOLATIONS -- WERE OF

2  SUCH CONDUCT IN VIOLATION OF 2252 A(4)(B).

3          DO YOU UNDERSTAND THAT, SIR?

4          THE DEFENDANT:  YES, YOUR HONOR.

5          THE COURT:  AND ALTHOUGH I SAID

6  TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE,

7  UNDER THE LAW, YOU COULD BE CONVICTED OF THAT

8  OFFENSE IF THEY PROVE THAT IT WAS TRANSPORTED IN

9  INTERSTATE OR FOREIGN COMMERCE.

10          DO YOU UNDERSTAND THAT, SIR?

11          THE DEFENDANT:  YES.

12          THE COURT:  YOU HAVE THE RIGHT TO THE

13  ASSISTANCE OF AN ATTORNEY AT SUCH A TRIAL.  IF YOU

14  COULDN'T AFFORD ONE, ONE WOULD BE APPOINTED TO

15  REPRESENT YOU FREE OF CHARGE.

16          YOU HAVE THE RIGHT TO SEE AND HEAR ALL

17  THE WITNESSES AND HAVE THEM CROSS-EXAMINED.  YOU

18  WOULD HAVE THE RIGHT ON YOUR OWN PART TO DECLINE TO

19  TESTIFY UNLESS YOU VOLUNTARILY DECIDED TO DO SO IN

20  YOUR OWN DEFENSE.

21          YOU HAVE THE RIGHT TO THE ISSUANCE OF

22  SUBPOENAS TO COMPEL THE ATTENDANCE OF WITNESSES TO

23  TESTIFY IN YOUR DEFENSE.  IF YOU DECIDE NOT TO

24  TESTIFY OR PUT ON ANY EVIDENCE, THAT FACT COULD NOT

25  BE USED AGAINST YOU.

1           BY ENTERING A PLEA OF GUILTY, IF THAT

2    PLEA IS ACCEPTED BY THE COURT, YOU WILL BE WAIVING,

3    THAT IS, GIVING UP YOUR RIGHT TO TRIAL; THAT IS,

4    ALL OF YOUR RIGHTS ASSOCIATED WITH TRIAL AS I JUST

5    DESCRIBED.

6           DO YOU UNDERSTAND THAT?

7           THE DEFENDANT:  YES, I DO.

8           THE COURT:  THIS IS AN OFFENSE WHERE THE

9    MAXIMUM PENALTY PROVIDED BY LAW IS TEN YEARS IN

10   PRISON, A $250,000 FINE; THE MAXIMUM TERM OF

11   SUPERVISED RELEASE IS ALL OF THE REST OF YOUR

12   NATURAL LIFE.  YOU ALSO COULD BE MADE TO PAY A

13   SPECIAL ASSESSMENT OF $100 WHICH WOULD BE DUE AND

14   PAYABLE IMMEDIATELY.

15          DO YOU UNDERSTAND THAT?

16          THE DEFENDANT:  YES, YOUR HONOR.

17          THE COURT:  THERE ARE CERTAIN GUIDELINES

18   THAT CONGRESS HAS ISSUED FOR JUDGES TO FOLLOW.  I'M

19   NOT BOUND TO APPLY THE GUIDELINES BUT I'M BOUND TO

20   CONSULT THEM, TO TAKE THEM INTO CONSIDERATION,

21   ALONG WITH FACTORS THAT HAVE BEEN PROMULGATED BY

22   CONGRESS UNDER SECTION -- WHAT IS THE CODE SECTION

23   THAT I SHOULD BE LOOKING AT -- 3552.

24          MR. FAZIOLI:  YOUR HONOR, I THINK IT'S

25   18 USC 3553.

9

1          THE COURT:  THANK YOU.

2          UNDER THOSE PROVISIONS, I WOULD HAVE TO

3    CONSIDER THOSE FOR PURPOSES OF TRYING TO DETERMINE

4    A SENTENCE IN YOUR CASE.

5          HAVE YOU AND YOUR ATTORNEY HAD AN

6    OPPORTUNITY TO TALK ABOUT SENTENCING AND WHAT

7    FACTORS THE COURT WOULD TAKE INTO CONSIDERATION IN

8    SENTENCING IN THIS CASE?

9          THE DEFENDANT:  YES, WE HAVE.

10          THE COURT:  ARE THERE ANY MANDATORY

11    MINIMUMS INVOLVED IN THIS OFFENSE?

12          MR. FAZIOLI:  NO, NOT WITH THE OFFENSE

13    THAT IS CHARGED IN THE INFORMATION, YOUR HONOR.

14          THE COURT:  VERY WELL.

15          NOW BY ENTERING A PLEA, AS YOU ARE, YOU

16    RETAIN ALL OF YOUR RIGHTS TO APPEAL.  YOU ARE NOT

17    FORCED TO GIVE UP YOUR RIGHTS TO APPEAL NOR ARE YOU

18    FORCED TO GIVE UP YOUR RIGHTS TO FILE A COLLATERAL

19    ATTACK AGAINST THE JUDGMENT, BUT YOU ARE

20    INCRIMINATING YOURSELF HERE IF YOU ENTER A GUILTY

21    PLEA.  YOU ARE GIVING UP YOUR RIGHT NOT TO

22    INCRIMINATE YOURSELF BY ENTERING A GUILTY PLEA.

23          DO YOU UNDERSTAND THAT, SIR?

24          THE DEFENDANT:  YES, I DO.

25          THE COURT:  HAS ANYONE PROMISED YOU WHAT

1    PENALTY I WOULD IMPOSE IF YOU ENTER A GUILTY PLEA?

2              THE WITNESS:  NO, YOUR HONOR.

3              THE COURT:  HAS ANYONE THREATENED YOU IN

4    ANY WAY TO ENTER INTO THIS PLEA?

5              THE DEFENDANT:  NO.

6              THE COURT:  YOU HEARD THE GOVERNMENT SAY

7    IF YOU PLEAD GUILTY, THE GOVERNMENT WILL MOVE TO

8    HAVE YOU REMANDED TO CUSTODY IMMEDIATELY.

9              IT IS WITHIN THE DISCRETION OF THE

10   SENTENCING JUDGE, OR A JUDGE PRESIDING OVER YOUR

11   CASE, IF A MOTION IS MADE TO REMAND YOU TO CUSTODY,

12   TO TAKE INTO CONSIDERATION THAT YOU SHOULD BE

13   REMANDED TO CUSTODY.

14             THERE IS A CHANGE IN YOUR STATUS AFTER

15   YOU ENTER THE GUILTY PLEA.  THE RIGHT TO BAIL IS

16   SOMETHING THAT ALL PEOPLE WHO ARE CHARGED WITH

17   CRIMINAL OFFENSES HAVE, AND WHEN YOU'RE IN A

18   PRETRIAL STATE, THAT IS WHERE YOU HAVEN'T BEEN

19   ADJUDICATED GUILTY, THE FACTORS FAVOR IN YOUR FAVOR

20   IN TERMS OF THE CONDITIONS OF RELEASE.  YOU'VE GOT

21   TO BE SHOWN TO BE SOMEONE WHO IS A DANGER TO

22   HIMSELF OR OTHERS, OR LIKELY TO FLEE, AND THE COURT

23   EXERCISES A GREAT DEAL OF LENIENCY WITH RESPECT TO

24   ALLOWING YOU TO BE FREE PENDING CHARGES.

25             AFTER YOU'VE BEEN ADJUDICATED GUILTY,

1    IT'S A DIFFERENT MATTER.  YOU'VE BEEN A CONVICTED

2    FELON, AS IT WERE, AND SO THEN THE GOVERNMENT HAS

3    THE RIGHT TO ASK THE COURT, AS A CONVICTED FELON,

4    TO LOOK AGAIN AT WHETHER OR NOT YOU ARE A FLIGHT

5    RISK OR A DANGER TO YOURSELF OR OTHERS DURING THAT

6    PERIOD OF TIME BEFORE YOU ARE SENTENCED TO THE

7    CUSTODY OF THE BUREAU OF PRISONS.

8              DO YOU UNDERSTAND THAT?

9              THE DEFENDANT:  YES, I DO.

10             THE COURT:  HAS ANYONE PROMISED YOU WHAT

11   I WILL DO AS TO WHETHER OR NOT I WILL LEAVE YOU

12   FREE OR PUT YOU INTO CUSTODY IF YOU PLEAD GUILTY?

13             THE DEFENDANT:  NO, THEY HAVE NOT.

14             THE COURT:  VERY WELL.

15             MAY I HAVE A PROFFER FROM THE GOVERNMENT

16   ON WHAT IT WOULD PROVE AGAINST MR. VAN AALSBURG

17   WITH RESPECT TO THESE MATTERS.

18             MR. FAZIOLI:  YOUR HONOR, IF THIS MATTER

19   WAS TO PROCEED TO TRIAL, THE GOVERNMENT WOULD BE

20   PREPARED TO PROVE BEYOND A REASONABLE DOUBT, USING

21   DOCUMENTARY AND TESTIMONIAL EVIDENCE, THAT ON

22   MARCH 8TH, 2005, DEFENDANT KNOWINGLY POSSESSED

23   VISUAL DEPICTIONS OF MINORS ENGAGED IN SEXUALLY

24   EXPLICIT CONDUCT.

25             THE DEFENDANT HAD OBTAINED THOSE VISUAL

1    DEPICTIONS BY OBTAINING -- DOWNLOADING THEM FROM

2    THE INTERNET ONTO HIS COMPUTERS IN HIS RESIDENCE IN

3    THE NORTHERN DISTRICT OF CALIFORNIA.

4              THE VISUAL DEPICTIONS THE DEFENDANT

5    POSSESSED SHOWED MINORS ENGAGED IN SEXUALLY

6    EXPLICIT CONDUCT AND PRODUCED USING MINORS ENGAGED

7    IN SEXUALLY EXPLICIT CONDUCT.

8              DEFENDANT KNEW THESE VISUAL DEPICTIONS

9    WERE OF SEXUALLY EXPLICIT CONDUCT, AND THE

10   DEFENDANT KNEW THAT THOSE VISUAL DEPICTIONS

11   INCLUDED THE USE OF ONE OR MORE MINORS.

12             DEFENDANT KNOWINGLY POSSESSED OVER 600

13   IMAGES OF CHILD PORNOGRAPHY INCLUDING IMAGES OF

14   PREPUBESCENT MINORS, AND IMAGES PORTRAYING SADISTIC

15   OR MASOCHISTIC CONDUCT.

16             BECAUSE THE IMAGES THE DEFENDANT

17   POSSESSED INCLUDED KNOWN VICTIM IMAGES ORIGINATING

18   FROM OUTSIDE THE STATE OF CALIFORNIA, THE IMAGES

19   THE DEFENDANT POSSESSED HAD BEEN SHIPPED OR

20   TRANSPORTED IN INTERSTATE COMMERCE PRIOR TO COMING

21   INTO HIS POSSESSION IN CALIFORNIA.

22             THAT'S THE FACTUAL PROFFER FOR THE

23   CRIMINAL CHARGE.  ON THE CHILD PORNOGRAPHY

24   POSSESSION, THERE IS AN ADDITIONAL PROFFER THAT

25   WOULD BE ON THE FORFEITURE POSSESSION IF THE COURT

1    WOULD LIKE ME TO GO INTO THAT.

2            THE COURT:  YES, PLEASE.

3            MR. FAZIOLI:  IF THIS MATTER WERE TO

4    PROCEED TO TRIAL, THE GOVERNMENT WOULD BE ABLE TO

5    PROVE THAT THREE OF THE DEFENDANT'S COMPUTERS WHOSE

6    NAMES AND SERIAL NUMBERS ARE PUT FORTH -- AT LEAST

7    FOR TWO OF THE COMPUTERS THAT ARE PUT FORWARD IN

8    THE INFORMATION -- CONTAINED VISUAL DEPICTIONS OF

9    CHILD PORNOGRAPHY DESCRIBED IN 18 USC 2252, WHICH

10   WERE TRANSPORTED IN INTERSTATE COMMERCE; AND THUS,

11   ARE FORFEITABLE TO THE UNITED STATES PURSUANT TO

12   18 USC 2253(A)(1).

13           THE GOVERNMENT WOULD ALSO BE ABLE TO

14   PROVE THAT THE SUBJECT PROPERTY, WHICH IS THE

15   COMPUTERS THAT ARE PUT FORWARD IN THE FORFEITURE

16   ALLEGATION, CONSTITUTED PROPERTY THAT THE DEFENDANT

17   USED TO COMMIT OR TO PROMOTE THE COMMISSION OF HIS

18   OFFENSE; AND THUS, IS ALSO FORFEITABLE TO THE

19   GOVERNMENT PURSUANT TO THE PROVISIONS OF

20   18 USC 2252(A)(3).

21           THE COURT:  VERY WELL.

22           THERE ARE THREE COMPUTERS THAT ARE

23   LISTED, TWO WITH SERIAL NUMBERS AND ONE WITHOUT.

24   IS THE TENDER TO THE COURT THAT ALL THREE WERE

25   INVOLVED IN THE COMMISSION, OR PROMOTED THE

1    COMMISSION OF THE OFFENSES?

2              MR. FAZIOLI:  YES, YOUR HONOR.

3              THE COURT:  AND MR. NOLAN, I WASN'T

4    CLEAR, IS MR. VAN AALSBURG ADMITTING TO THE

5    FORFEITURE COUNT AS WELL?

6              MR. NOLAN, JR.:  HE IS.

7              THE COURT:  VERY WELL.

8              MR. NOLAN, JR.:  HOWEVER, I'D LIKE TO

9    INDICATE WE ARE NOT ADMITTING TO THE 600 IMAGES,

10   BUT THAT'S NOT NECESSARY TO CONSTITUTE THE OFFENSE

11   UNDER COUNT 1.

12             MR. FAZIOLI:  I AGREE IT'S NOT NECESSARY

13   IT PROVE THE OFFENSE UNDER COUNT 1.

14             THE COURT:  VERY WELL.

15             I DON'T THINK I ACTUALLY MADE A NOTICE AS

16   TO THE NUMBER OF IMAGES.

17             MR. NOLAN, JR.:  THE PROSECUTOR SAID IN

18   HIS PROFFER; IT'S NOT ANYWHERE REFLECTED IN THE

19   INFORMATION.

20             MR. FAZIOLI:  IT'S A PROFFER OF WHAT THE

21   GOVERNMENT WOULD BE ABLE TO PROVE IF THE MATTER

22   WENT TO TRIAL.

23             SO IT'S A SENTENCING ISSUE, AND I DON'T

24   THINK THE DEFENDANT NEEDS TO ADMIT TO THAT IN ORDER

25   TO PROCEED WITH THE GUILTY PLEA TODAY.

1     THE COURT:  VERY WELL.

2     AND EXCEPT WITH THE RESPECT TO THE NUMBER

3  OF IMAGES, MR. VAN AALSBURG, DO YOU ADMIT TO THE

4  CONDUCT DESCRIBED BY THE UNITED STATES ATTORNEY?

5     THE DEFENDANT:  YES, I DO.

6     THE COURT:  VERY WELL.

7     KENNETH VAN AALSBURG, WITH RESPECT TO THE

8  CHARGES CONTAINED IN COUNT 1 OF THE INFORMATION

9  CHANGING YOU WITH A VIOLATION OF TITLE 18,

10  UNITED STATES CODE SECTION 2252(A)(4)(B),

11  POSSESSION OF MATTERS CONTAINING ANY VISUAL

12  DEPICTION OF A MINOR ENGAGED IN SEXUALLY EXPLICIT

13  CONDUCT, HOW DO YOU PLEAD SIR, GUILTY OR NOT

14  GUILTY?

15     THE DEFENDANT:  GUILTY, YOUR HONOR.

16     THE COURT:  AND WITH RESPECT TO THE

17  FORFEITURE ALLEGATIONS CONTAINED IN PARAGRAPH COUNT

18  TWO, DO YOU ADMIT OR DENY THE USE OF THE LISTED

19  EQUIPMENT TO COMMIT OR PROMOTE THE COMMISSION OF

20  THE OFFENSES?

21     THE DEFENDANT:  GUILTY.

22     THE COURT:  VERY WELL.

23     THE COURT FINDS THERE'S A FREE AND

24  VOLUNTARY PLEA.  THERE'S A FACTUAL BASIS, AS I

25  SAID, FOR THE PLEA.  THE PLEA TO COUNT ONE IS

1    ACCEPTED.  THE DEFENDANT ADMITS TO THE FORFEITURE

2    ALLEGATION OF PROPERTY AS SUBJECT TO FORFEITURE AS

3    PART OF THE FINAL JUDGMENT IN THIS CASE.

4              MAY WE HAVE A DATE FOR SENTENCING.

5              MR. NOLAN, JR.:  COULD WE HAVE THAT

6    SEPTEMBER DATE, YOUR HONOR.

7              I'M STILL WORKING ON THE NUMBER OF IMAGES

8    WITH MY EXPERT, BUT I WANTED TO GO AHEAD AND ENTER

9    THE PLEA.  AND I KNOW THE PROBATION HAS A LIMIT TO

10   MAKE SURE THEY GET THEIR PROBATION REPORT ON FILE.

11             THE COURT:  ANY OBJECTION FROM THE

12   GOVERNMENT?

13             MR. FAZIOLI:  WELL, THAT WOULD TIE INTO

14   THE ISSUE OF WHETHER THE DEFENDANT IS IN CUSTODY OR

15   OUT OF CUSTODY DURING THAT TIME.

16             SO I WOULD SAY IF HE'S IN CUSTODY, WE

17   WOULD NOT OBJECT TO THE MATTER GOING OUT THAT FAR.

18   IF HE'S OUT OF CUSTODY, I THINK WE WOULD HAVE SOME

19   CONCERNS.

20             THE COURT:  WELL, LET'S ADDRESS THAT

21   ISSUE.

22             TELL ME MORE --

23             MR. FAZIOLI:  YOUR HONOR, MAY I RAISE ONE

24   OTHER POINT BEFORE WE CLOSE THE BOOK ON THE GUILTY

25   PLEA.

1          THE COURT MENTIONED THAT THE DEFENDANT

2    RETAINS HIS RIGHTS TO APPEAL.  I BELIEVE IT IS TRUE

3    THAT HE WOULD RETAIN HIS RIGHT TO APPEAL THE

4    SENTENCE THAT IS ISSUED IN THIS CASE, BUT I ALSO

5    WANT TO STATE FOR THE RECORD THAT THERE ARE CERTAIN

6    MOTIONS THAT A DEFENDANT WOULD HAVE TO FILE AT A

7    DISTRICT COURT LEVEL IN ORDER TO RETAIN ANY SORT OF

8    ABILITY TO APPEAL CERTAIN ISSUES, FOR EXAMPLE, A

9    MOTION TO SUPPRESS EVIDENCE OR A MOTION TO DISMISS

10   THE INDICTMENT.

11          IT WOULD BE GOVERNMENT'S POSITION THAT BY

12   NOT FILING THOSE MOTIONS AND BY ENTERING A GUILTY

13   PLEA TODAY, THE DEFENDANT WOULD NOT HAVE AVAILABLE

14   TO HIM, OR ARGUABLY WILL HAVE WAIVED FOR PURPOSES

15   OF APPEAL, A SUPPRESSION MOTION OR A MOTION TO

16   DISMISS THE INDICTMENT.

17          THE COURT:  IT'S SIMPLY A MATTER OF

18   WHETHER IT IS A WAIVER, OR AS A MATTER OF LAW THOSE

19   MOTIONS ARE NOT AVAILABLE.

20          THE DIFFERENCE THAT I TAKE OF HIS

21   ENTERING A PLEA IN THE WAY THAT HE HAS IS HE'S NOT

22   MADE ANY OTHER WAIVERS OTHER THAN THOSE THAT HAPPEN

23   AS A MATTER OF LAW.

24          AND YOU ARE RIGHT, YOU CAN ARGUE.  IF HE

25   DOES APPEAL ON SOME SEARCH ISSUE OR OTHER MATTER,

1    THAT THE EFFECT OF HIS GUILTY PLEA IS TO DEPRIVE

2    HIM OF THAT APPEAL.  BUT YOU ALL HAVEN'T BROUGHT TO

3    ME ANY WAIVERS, EXPRESS OR OTHERWISE, THERE ARE

4    SOME THAT COME AS A MATTER OF LAW, AND I DIDN'T

5    MEAN BY MY COMMENT TO SUGGEST THAT THE GOVERNMENT

6    DOES NOT RETAIN ITS RIGHT TO ARGUE AS A MATTER OF

7    LAW THAT CERTAIN POSITIONS HE MIGHT TAKE ON APPEAL

8    ARE UNAVAILABLE.  THAT WOULD ALL BE AS A MATTER OF

9    LAW AS OPPOSED TO THE RESULT OF THE EXPRESS WAIVER.

10            MR. FAZIOLI:  I JUST WANTED TO MAKE SURE

11   THE DEFENDANT WAS AWARE OF THE GOVERNMENT'S

12   POSITION BEFORE THE PLEA WAS --

13            THE COURT:  PERFECT.

14            LET'S HEAR THE GOVERNMENT'S POSITION WITH

15   RESPECT TO REMANDING HIM TO CUSTODY AT THIS TIME.

16            MR. FAZIOLI:  YES, YOUR HONOR.

17       UNDER THE BAIL REFORM ACT IN PLEADING GUILTY

18   TO A CHILD PORNOGRAPHY OFFENSE, THE DEFENDANT

19   VAN AALSBURG HAS BEEN FOUND GUILTY OF A CRIME OF

20   VIOLENCE FOR PURPOSES OF 18 USC 3143(F)(1)(A) BASIS

21   OF A SENTENCE OF IMPRISONMENT.

22            UNDER THE BAIL REFORM ACT, POSSESSION OF

23   CHILD PORNOGRAPHY IS A CRIME OF VIOLENCE.  AND ONCE

24   THE DEFENDANT PLEADS GUILTY TO A CHILD PORNOGRAPHY

25   OFFENSE, EVEN A POSSESSION OF CHILD PORNOGRAPHY

1    OFFENSE, THE STANDARD OF THE BAIL REFORM ACT

2    CHANGES FROM THE SITUATION BEFORE THE DEFENDANT HAS

3    PLED GUILTY.

4              AND UNDER THE STANDARD WHICH APPLIES

5    UNDER 18 USC 3145(C), THE DEFENDANT SHALL BE

6    DETAINED UNLESS THERE ARE EXCEPTIONAL REASONS WHY

7    THE DEFENDANT'S DETENTION WOULD NOT BE APPROPRIATE.

8              AND WHILE IT IS TRUE THE GOVERNMENT HAS

9    NOT FILED ANY MOTION TO REMAND THE DEFENDANT AFTER

10   HE WAS RELEASED FROM CUSTODY, THE GOVERNMENT

11   RESPECTFULLY SUBMITS THAT THE STANDARD IS:  CAN THE

12   DEFENSE PROVE THAT THIS IS AN EXCEPTIONAL CASE SUCH

13   THAT THE BAIL REFORM ACT SHOULD NOT APPLY AND THE

14   DEFENDANT SHOULD NOT BE REMANDED?

15             THE GOVERNMENT WOULD SUBMIT THE

16   DEFENDANT'S MERE COMPLIANCE WITH THE TERMS OF HIS

17   RELEASE DOES NOT MAKE HIM SUCH AN EXCEPTIONAL CASE

18   THAT HE SHOULD REMAIN OUT OF CUSTODY PENDING

19   SENTENCING.

20             I WILL ALSO MENTION THREE THINGS THAT

21   HAVE CONNECTION TO THIS CASE THAT I THINK FURTHER

22   SUPPORT THE GOVERNMENT'S CONTENTION THAT THE

23   DEFENDANT CANNOT MEET HIS BURDEN THAT THIS IS AN

24   EXCEPTIONAL CASE THAT WOULD MERIT HIM STAYING OUT

25   OF CUSTODY.

1          THE FIRST IS THE SOMEWHAT DISTURBING

2     NATURE OF THE CHILD PORNOGRAPHY IN THIS CASE.  IT'S

3     THE GOVERNMENT'S POSITION THAT THE DEFENDANT

4     POSSESSED OVER 600 IMAGES OF CHILD PORNOGRAPHY,

5     SOME OF WHICH INCLUDE THE SEXUAL ABUSE OF INFANTS,

6     A 6 AND 8-MONTH OLD CHILD SEXUALLY ASSAULTED WHILE

7     IN A CAR SEAT; SADISTIC AND MASOCHISTIC CHILD

8     PORNOGRAPHY, INCLUDING KNOWN VICTIM IMAGES WEARING

9     A DOG COLLAR.

10         THE COURT MENTIONED THAT THIS SITUATION

11    CHANGES SOMEWHAT ONCE THE DEFENDANT ADMITS TO A

12    FELONY.  AND THE DEFENDANT HAS CONCEDED THESE

13    FACTORS, AND THESE ARE FACTORS THAT THE DEFENDANT

14    -- THAT NEED TO BE TAKEN INTO ACCOUNT IN

15    CONSIDERING WHETHER THIS IS AN EXCEPTIONAL CASE.

16         SECONDLY, AS THE GOVERNMENT ALLUDED TO

17    BEFORE, THERE HAVE BEEN SOME DISTURBING EVENTS IN

18    RECENT TIMES REGARDING DEFENDANTS IN CHILD

19    PORNOGRAPHY CASES THAT ARE ON RELEASE EITHER

20    PRE-GUILT RELEASE OR PRESENTENCING RELEASE.

21    THERE'S BEEN, UNFORTUNATELY, MORE THAN ONE OCCASION

22    IN WHICH A DEFENDANT HAS ATTEMPTED OR SUCCESSFULLY

23    COMMITTED SUICIDE.

24         THE GOVERNMENT HAS CONCERNS THAT IN CASES

25    SUCH AS THIS THAT INDIVIDUALS, SUCH AS THE

1    DEFENDANT, WHO ARE FACED WITH SUBSTANTIAL PRISON

2    TERM, MAY POSE A DANGER TO THEMSELVES AND TO

3    OTHERS.

4            AND WHILE I CANNOT STAND UP HERE TODAY

5    AND SAY I HAVE SPECIFIC FACTS REGARDING THIS

6    PARTICULAR DEFENDANT'S STATE OF MIND, THE

7    UNFORTUNATE SITUATION I HAVE JUST DESCRIBED HAS

8    COME UP.

9            IT'S AN UNFORTUNATE PATTERN, AND THE

10   DEFENDANT IS OSTENSIBLY SUBJECT TO THE SAME

11   PRESSURES THAT OTHER DEFENDANTS HAVE THAT WOUND UP

12   BEING IN A VERY BAD SITUATION.

13           LASTLY, IN TERMS OF THIS NOT BEING AN

14   EXCEPTIONAL CASE JUSTIFYING HIS RELEASE, I JUST

15   WANTED TO BRING TO THE COURT'S ATTENTION TO AN

16   EVENT THAT TOOK PLACE AFTER THE PARTIES HAD AGREED

17   THAT THE DEFENDANT WOULD BE RELEASED -- THIS IS IN

18   THE MAGISTRATE COURT.

19           AFTER THE PARTIES AGREED THAT THE

20   DEFENDANT WAS GOING TO BE RELEASED ON CONDITIONS,

21   THE DEFENDANT, WHO AT THAT TIME OPERATED A PILATES

22   STUDIO IN LOS ALTOS, CALIFORNIA, UNSUCCESSFULLY

23   SOUGHT FROM THE MAGISTRATE COURT THAT HE BE ALLOWED

24   TO HAVE UNSUPERVISED CONTACTS WITH A 14-YEAR-OLD

25   GIRL.

1           THE GOVERNMENT OBJECTED TO THAT.   THE

2     MAGISTRATE COURT RULED THAT HE COULD NOT HAVE

3     UNSUPERVISED CONTACTS WITH THE CHILDREN.   BUT THE

4     FACT THAT THE DEFENDANT EVEN MADE THAT REQUEST WAS

5     DISTURBING TO THE GOVERNMENT.   AND IN LIGHT OF THE,

6     FRANKLY, SHIFTED POSTURE OF A POST-CONVICTION WHERE

7     IT HAS TO BE EXCEPTIONAL REASONS, THAT REQUEST BY

8     THE DEFENDANT, I THINK, IN COMBINATION WITH THE

9     OTHER FACTORS, RAISES CONCERNS FOR THE GOVERNMENT

10    THAT THIS IS NOT AN EXCEPTIONAL CASE, THAT THERE

11    MAY NOT BE CLEAR AND CONVINCING EVIDENCE THAT THE

12    DEFENDANT IS NOT A DANGER TO HIMSELF AND OTHERS.

13          AND THE GOVERNMENT WOULD RESPECTFULLY

14    SUBMIT THAT PURSUANT TO THE BAIL REFORM ACT, THAT

15    THE DEFENDANT SHOULD BE REMANDED INTO CUSTODY.

16          THE COURT:  VERY WELL.

17          MR. NOLAN, JR.:  YES, YOUR HONOR.

18      MR. VAN AALSBURG IS 60 YEARS OF AGE.   THE

19    INVESTIGATION BEGAN IN 2003 FROM ANOTHER COMPUTER

20    INDICATING THAT SOME IMAGES HAD BEEN SENT TO

21    MR. VAN AALSBURG.

22          THE SEARCH WARRANT WAS EXECUTED IN MARCH

23    OF 2005.   CHARGES WERE NOT FILED UNTIL SEPTEMBER OF

24    2007.   DURING THAT TIME, APPARENTLY THE GOVERNMENT

25    DIDN'T FEEL THERE WAS AN ENOUGH OF AN EMERGENCY TO

1    BRING CHARGES; HOWEVER, THE CONDUCT CEASED.

2            THERE WAS NO BEHAVIOR, WHATSOEVER, FROM

3    THE TIME OF THE SEARCH WARRANT TO THE TIME OF THE

4    CHANGES BEING FILED THAT WE ARE AWARE OF.  I THINK

5    I SAID HE HAD NO RECORD, WHATSOEVER.  HE OWNS A

6    HOME.  HE OWNS A BUSINESS THAT HE HAS TO RESOLVE.

7            THE COMMENT THAT COUNSEL MADE, THE THIRD

8    REASON IS MORE DISTURBING TO ME IN LIGHT OF THE

9    FACT THAT THE FIRST THING MR. VAN AALSBURG SAYS IS,

10   I HAVE A CLIENT WHO IS 14 WHO COMES IN WITH HIS

11   PARENTS AND I'VE HAD THIS CLIENT FOR A LONG TIME.

12   AND I SAID, WELL, LET'S SEE WHAT THE PARENTS THINK.

13           HE IMMEDIATELY TOLD THE PARENTS ABOUT IT;

14   THEY WANTED HIM TO CONTINUE.  WE BROUGHT THE ISSUE

15   UP.  I DON'T THINK THAT'S AT ALL INAPPROPRIATE TO

16   BRING THE ISSUE BEFORE THE COURT TO TALK ABOUT

17   WHETHER OR NOT IT SHOULD OR SHOULD NOT OCCUR.

18           AND FOR HIM TO BE TOLD HE SHOULDN'T HAVE

19   EVEN BROUGHT THE ISSUE UP, I THINK IS VERY

20   INAPPROPRIATE.  I MEAN, I THOUGHT IT WAS AN

21   APPROPRIATE THING TO DO, THE PARENTS OF THE CHILD

22   THOUGHT IT WAS APPROPRIATE.  THEY ARE THERE WHEN

23   HE'S DOING THE PILATES, SO THAT'S EXTREME.

24           AS FAR AS SUICIDE, MR. VAN AALSBURG HAS

25   BEEN IN THERAPY ON THIS ISSUE SINCE HE'S HIRED OUR

1    OFFICE; THERE'S NO PROBLEM WITH SUICIDE.  AND THE

2    ISSUE OF THE IMAGES AND THE NATURE OF THE IMAGES,

3    WE DISPUTE THE NATURE OF THE IMAGES AND THAT'S

4    GONNA GO INTO THE GUIDELINE RANGE.

5           AND IT'S VERY COMPLEX, BUT THIS IS NOT A

6    CASE THAT'S FOCUSED ON THAT.  AND THIS IS NOT A

7    CASE THAT'S ANYTHING MORE THAN POSSESSION OF CHILD

8    PORNOGRAPHY.

9           HE IS PRESENTLY ON $75,000, OF WHAT SAYS

10   "SECURED," BUT IT SAYS "DEFENDANT'S SIGNATURE," SO

11   I'M NOT SURE WHETHER THERE'S INCONSISTENCY ON THE

12   RELEASE.  HE'S FULFILLED ALL THE CONDITIONS OF

13   RELEASE, SO THAT'S NOT BEEN A PROBLEM, WHATSOEVER,

14   NOR IS THERE ANY INDICATION THERE'S BEEN ANY

15   DIFFICULTIES, WHATSOEVER.

16          AND I THINK HE -- THAT THE CIRCUMSTANCES

17   OF -- THE INTENT IS TO MAKE SURE THAT VIOLENT

18   PEOPLE ARE NOT ON THE STREETS AFTER THE ENTRY OF

19   THE PLEA, AND THAT HE MEET THE CRITERIA OF THE

20   UNITED STATES V. GARCIA, 340 F.3D.  THE COURT HAS

21   DISCRETION AND I THINK THE COURT SHOULD EXERCISE

22   IT.  ALLOW HIM TO REMAIN OUT SO HE COULD DISPOSE OF

23   HIS BUSINESS AND PROPERLY PROCEED WITH THE CASE.

24          MR. FAZIOLI:  YOUR HONOR, I HAVE TO

25   CORRECT THE RECORD ON ONE POINT.

1           THE DEFENSE COUNSEL IS INCORRECT ON ONE

2    POINT.  TO THE EXTENT THE DEFENSE COUNSEL IS

3    CONVEYING THAT THE REQUEST TO HAVE THE CONTACTS

4    WITH THE 14-YEAR-OLD GIRL WERE SUPERVISED CONTACTS,

5    THAT IS INCORRECT.  THAT WAS NOT THE REQUEST THAT

6    WAS MADE AT THE HEARING.  THAT IS NOT THE REQUEST

7    THAT MAGISTRATE JUDGE TRUMBULL REJECTED.  AND IT'S

8    ACTUALLY MY UNDERSTANDING THAT THIS DEFENSE COUNSEL

9    WAS NOT PRESENT FOR THAT HEARING IN WHICH

10   CONDITIONS OF RELEASE WERE PUT FORWARD.

11           THE COURT:  WELL, I'VE HEARD ENOUGH.

12           IT DOES SEEM TO ME THAT IT'S APPROPRIATE

13   FOR THE GOVERNMENT TO ALWAYS ASK THE COURT TO

14   REMAND A PERSON INTO CUSTODY IF THE GOVERNMENT

15   BELIEVES THAT THAT INDIVIDUAL POSES A FLIGHT RISK

16   OR A DANGER TO OTHERS.

17           AND HAVING HAD THIS REQUEST MADE TO THE

18   COURT NOW SEVERAL TIMES, IT DOES OCCUR TO THE COURT

19   THAT THERE'S BEEN A POLICY CHANGE IN THE OFFICE OF

20   THE UNITED STATES ATTORNEY WHERE THE REQUEST IS

21   MADE AS A MATTER OF COURSE AS OPPOSED TO

22   CIRCUMSTANCES WHICH BRING TO MIND QUESTIONS WITH

23   RESPECT TO A CERTAIN DEFENDANT.  AND THAT'S PURELY

24   A MATTER FROM THE UNITED STATES ATTORNEYS OFFICE TO

25   MAKE AS TO WHETHER IT'S DONE AS A MATTER OF COURSE

1    OR AS A MATTER OF FOCUS ON AN INDIVIDUAL DEFENDANT.

2            BUT I WILL TELL YOU IF IT'S MADE AS A

3    MATTER OF COURSE, IT CAUSES ME TO GIVE IT LESS

4    CONSIDERATION THAN IF I UNDERSTAND THAT IT'S BEING

5    MADE WHEN THERE ARE CIRCUMSTANCES THAT THE COURT

6    SHOULD CONSIDER ON AN INDIVIDUAL BASIS.

7            THERE IS A PRETRIAL SERVICES OFFICER

8    ASSIGNED TO ANY DEFENDANT WHO IS OUT ON CONDITIONS

9    OF RELEASE.  I WOULD BE PLEASED IF THE

10   U.S. ATTORNEY WERE TO BRING TO THE COURT'S

11   ATTENTION, ANY CIRCUMSTANCES THAT WOULD CAUSE THE

12   FACTOR OF FREEDOM TO BE BROUGHT INTO QUESTION.

13           I REALIZE THIS IS A CASE WHERE THE

14   UNITED STATES ATTORNEY INDICATES THAT HE DID NOT

15   KNOW THERE WOULD BE THIS OPEN PLEA AND SO HE'S NOT

16   PREPARED ON THIS MATTER.  AND IF SOMETHING HAPPENS

17   EVEN WHILE THE DEFENDANT IS FREE PENDING THIS, HE'S

18   FREE TO BRING THE MATTER BACK TO THE COURT AND ASK

19   THE COURT TO REMAND THE DEFENDANT INTO CUSTODY.

20           BUT I DON'T FIND A BASIS HERE FOR

21   REMANDING MR. VAN AALSBURG AT THIS TIME, EITHER AS

22   A FLIGHT RISK OR AS A DANGER TO HIMSELF OR OTHERS.

23   BUT MR. VAN AALSBURG, YOU HEAR THE COURT'S CONCERN,

24   AND I'M ORDERING THAT YOU COMPLY WITH THE CURRENT

25   CONDITIONS OF RELEASE WHICH AREN'T BEING ALTERED AT

1    THIS POINT PENDING THE SENTENCE.

2            NOW, WE COME BACK TO YOU, MS. GARCIA.

3    CAN YOU GIVE ME A DATE FOR SENTENCING?  I THINK THE

4    SEPTEMBER DATE WAS REQUESTED.

5            THE CLERK:  SEPTEMBER 8TH, 2008, AT 1:30.

6            MR. NOLAN, JR.:  THANK YOU VERY MUCH,

7    YOUR HONOR.

8            THE COURT:  SEPTEMBER 8TH AT 1:30.

9            YOU ARE ORDERED TO REPORT IMMEDIATELY TO

10    THE PROBATION OFFICE FOR PREPARATION OF A

11    PRESENTENCE REPORT.

12            MR. FAZIOLI:  THANK YOU, YOUR HONOR.

13            MR. NOLAN, JR.:  THANK YOU, YOUR HONOR.

14            (WHEREUPON, THE PROCEEDINGS IN THIS

15    MATTER WERE CONCLUDED.)

16

17

18

19

20

21

22

23

24

25

1    STATE OF CALIFORNIA    )

2                          ) SS:

3    COUNTY OF SANTA CLARA )

4

5         I, THE UNDERSIGNED OFFICIAL COURT

6    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

7    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

8    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

9    CERTIFY:

10        THAT THE FOREGOING TRANSCRIPT,

11   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

12   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

13   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

14   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

15   TRANSCRIPTION TO THE BEST OF MY ABILITY.

16

17   {_____}

18      SUMMER A. CLANTON

19      OFFICIAL REPORTER, CSR NO. 13185

20

21

22

23

24

25

29